THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ADRIANN CANARY,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>DARIN ADAMS, et al.,<br><br>　　　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Case No. 4:25-cv-00077-DN-PK<br><br>District Judge David Nuffer |

On October 24, 2025, Plaintiff Adriann Canary filed Motion for Reconsideration or to Vacate Memorandum Decision and Order Adopting Report and Recommendations ("Motion").[1] Ms. Canary argues that because she timely filed a Motion to Extend Time to Submit Discovery Materials ("Motion for Extension of Time") that she "was denied the opportunity to submit objections to the R & R."[2]

All defendants filed oppositions.[3] Defendants Darin Adams and Matthew Topham opposed the Motion because "[t]he actual motion filed by Plaintiff on October 8, 2025 was titled as 'Plaintiff's Motion to Extend Time to Submit Discovery.'"[4] Defendant Chad Dotson similarly

---

[1] Motion for Reconsideration or to Vacate Memorandum Decision and Order Adopting Report and Recommendations ("Motion"), docket no. 34, filed October 24, 2025.

[2] *Id.* at 1.

[3] Defendants Darin Adams and Matthew Topham Memorandum in Opposition to Plaintiff's Motion for Reconsideration ("Adams & Topham's Opposition"), docket no. 36, filed November 6, 2025; Defendant Chad Dotson's Response in Opposition to Plaintiff's Motion for Reconsideration ("Dotson's Opposition"), docket no. 39, filed November 7, 2025.

[4] Adams & Topham's Opposition at 1-2.

opposed the Motion stating "[c]ontrary to Plaintiff's assertions, the docket shows she has not filed a motion seeking additional time to object to the R&R."[5]

A review of the Motion, respective oppositions, docket, and the applicable case law has been completed. For the reasons stated below the Motion is DENIED.

# 1 BACKGROUND

On September 26, 2025, Magistrate Judge Paul Kohler filed a Report & Recommendation ("R & R") recommending granting the Motions to Dismiss filed by Defendants Darin Adams and Matthew Topham, and Chad Dotson, respectively.[6] On October 8, 2025, Ms. Canary filed a document entitled "Plaintiff's Motion to Extend Time to Submit Discovery Materials" ("Motion for Extension of Time").[7] The deadline to object to the R & R was October 10, 2025. Neither party filed an objection to the R & R by the deadline.[8] With no objections, the R & R was adopted in full.[9] On October 24, 2025, Judge Kohler denied the Motion for Extension of Time stating "there is no scheduling order in place and, therefore, there is no current deadline to complete discovery. As such, there is no discovery deadline to extend."[10] On the same day, Ms. Canary filed the Motion.

---

[5] Defendant Chad Dotson's Response in Opposition to Plaintiff's Motion for Reconsideration ("Dotson's Opposition"), docket no. 39, filed November 7, 2025.

[6] Report & Recommendation ("R & R"), docket no. 29, filed September 26, 2025.

[7] Motion to Extend Time to Submit Discovery Materials ("Motion for Extension of Time"), docket no. 30, filed October 8, 2025.

[8] *See generally* docket.

[9] Memorandum Decision and Order Adopting Report and Recommendation, docket no. 31, filed October 15, 2025.

[10] Order Denying Without Prejudice Plaintiff's Motion For Extension Of Time To Complete Discovery, docket no. 32, filed October 24, 2025.

2   **DISCUSSION**

"Generally, a motion for reconsideration, not recognized by the Federal Rules of Civil Procedure, may be construed in one of two ways: if filed within 10 days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than 10 days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)."[11] "In addition, every order short of a final decree is subject to reopening at the discretion of the district judge."[12]

Ms. Canary contends that the Order Adopting the R & R should be vacated because she timely filed her Motion for Extension of Time *for discovery* before the October 10, 2025, deadline.[13] In effect, she argues that her extension request should have covered the time to object to the R & R as well. Defendants counter on two grounds: (1) her extension request concerned discovery deadlines, not objections to the R&R[14]; and (2) they did not oppose the motion because they understood it was limited to discovery.[15]

Defendants are correct that the "Motion is premised on the mistaken belief that [Ms. Canary] filed a motion requesting additional time to object to the [R & R] before the Court entered its order adopting the R & R."[16] In the Motion for Extension of Time, Ms. Canary specifically requests "an extension of forty-five (45) days from the current discovery deadline to ensure that all relevant and material evidence is collected and submitted to the Court and

---

[11] *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (internal quotations and citations omitted).

[12] *Id.* (internal quotations omitted).

[13] Motion at 1.

[14] Adams & Topham's Opposition at 2; Doston's Opposition at 2.

[15] Adams & Topham's Opposition at 2.

[16] Dotson's Opposition at 2.

3

Defendants."[17] Defendants are right; there is no language in the Motion for Extension of Time that specifically requests an extension to the objection deadline, as the entire filing focuses on requesting an extension to discovery deadlines.

Furthermore, because Ms. Canary's Motion for Extension of Time did not provide specific objections to Judge Kohler's R & R, or even request an extension of time to object, the cases she cites are distinguishable.[18] Ms. Canary cites *United States v. One Parcel Of Real Property*, for the premise that "[t]he ability to object is a substantive procedural right —not a mere formality."[19] A review of *One Parcel*, shows the Tenth Circuit actually held that a party "waive[s] appellate review by failing to file specific objections to the magistrate judge's report and recommendation." The Tenth Circuit's holding in *One Parcel*, supports the denial of Ms. Canary's Motion for the same reasons: Ms. Canary has failed to make a timely objection to Judge Kohler's R & R, or even properly request an extension of time.[20]

Finally, while it is true that "the court will liberally construe [a pro se Plaintiff's] filings because she is appearing pro se, the court will not act as her advocate." [21] The Tenth Circuit has acknowledged the many "difficulties [] pro se parties face in litigating cases. But pro se litigants must prosecute their cases and follow the court's rules." [22] Thus, there are limits to how far a pro se party's filings can be liberally construed.

---

[17] Motion for Extension of Time at 2.

[18] Motion at 2-3 (*citing Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)).

[19] Motion at 3 (*citing United States v. One Parcel*, 73 F.3d 1057, 1061 (10th Cir. 1996)).

[20] *See generally* docket.

[21] *True v. Delta Air Lines, Inc.*, No. 2:21-CV-00433, 2024 WL 1913688, at *4 (D. Utah Apr. 4, 2024), *report and recommendation adopted*, No. 2:21-CV-433-DAK-DBP, 2024 WL 1912449 (D. Utah May 1, 2024).

[22] *Tunson-Harrington v. Adams Cnty. Sheriff*, No. 23-1103, 2023 WL 5927132, at *2 (10th Cir. Sept. 12, 2023).

Reading a Motion for Extension of Time *to discovery deadlines* as a motion to extend the *R & R objection deadline* would push liberal construction too far. It is unusual for Ms. Canary to seek more time for discovery in a case that has not reached that stage, but that is the motion Ms. Canary chose to file. As a result, Ms. Canary did not file an objection, nor did she request extra time to file one.[23]

Therefore, Ms. Canary is effectively asking, through this Motion, to recast her Motion for Extension of Time as something it was not. Granting that request would cross the line from neutrality into advocacy, as liberal construction is not a license to recast a litigant's choices.

## 3  ORDER

IT IS HEREBY ORDERED that the Motion[24] is DENIED.

Signed November 20, 2025.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[23] *See generally* docket.

[24] Motion for Reconsideration or to Vacate Memorandum Decision and Order Adopting Report and Recommendations ("Motion"), docket no. 34, filed October 24, 2025.