UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ADRIANN CANARY,<br><br>        Plaintiff,<br><br>v.<br><br>DARIN ADAMS, et al.,<br><br>        Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 4:25-cv-00077-DN-PK<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

      This matter comes before the Court on renewed Motions to Dismiss filed by Defendants Chad Dotson,[1] and Darin Adams and Matthew Topham.[2] The Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). Plaintiff has not responded to either Motion and the time to do so has expired.[3] For the reasons discussed below, it is recommended that Defendants' Motions be granted and this action be dismissed with prejudice.

I.  BACKGROUND

      The following facts are taken from Plaintiff's Complaint, Amended Complaint, and underlying state court cases.[4] Plaintiff sought and received a civil stalking injunction against Stacy Mallory in Utah state court.[5] Plaintiff claims that Defendant Matthew Topham—an officer with the Cedar City Police Department—and Defendant Darin Adams—the Police Chief—have

---

[1] Docket No. 38, filed November 7, 2025.

[2] Docket No. 40, filed November 11, 2025.

[3] DUCivR 7-1(a)(4)(A)(iii).

[4] The Court can take judicial notice of the underlying state court record. *See Pace v. Swerdlow*, 519 F.3d 1067, 1072–73 (10th Cir. 2008).

[5] Case No. 21050023 (Fifth Judicial District, Cedar City, Iron Cnty., Utah).

1

failed to enforce that civil stalking injunction. She further alleges that Defendant Chad Dotson—the Iron County Attorney—oversaw the dismissal of criminal charges against Ms. Mallory related to violations of the civil stalking injunction.[6]

Plaintiff originally filed this action on June 23, 2025, bringing claims under 42 U.S.C. § 1983 for violations of state law, due process, and equal protection.[7] Defendants previously sought dismissal.[8] The undersigned issued a Report and Recommendation,[9] recommending that Dotson's Motion be granted and that Plaintiff be allowed to amend her equal protection claim against Adams and Topham. That Report and Recommendation was adopted[10] and Plaintiff filed her Amended Complaint on October 24, 2025.[11] Defendants again seek dismissal.

## II.  MOTION TO DISMISS STANDARD

Because Plaintiff is proceeding *pro se*, the Court construes her Complaint liberally,[12] but will not assume the role of advocate for a *pro se* litigant.[13] In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[14] Plaintiff must provide "enough

---

[6] Case No. 221500643 (Fifth Judicial District, Cedar City, Iron Cnty., Utah).

[7] Docket No. 1.

[8] Docket Nos. 20, 21.

[9] Docket No. 29.

[10] Docket No. 31.

[11] Docket No. 33.

[12] *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[14] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

facts to state a claim to relief that is plausible on its face,"[15] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[16] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[17]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[18] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[19]

In considering a motion to dismiss, a district court considers not only the complaint "but also the attached exhibits,"[20] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[21] The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[22]

---

[15] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[17] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[18] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[19] *Iqbal*, 556 U.S. at 679 (internal citations, quotation marks, and alterations omitted).

[20] *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[21] *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

[22] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

III.  DISCUSSION

A.  DOTSON

Plaintiff alleges that Dotson is the Iron County Attorney and oversees all criminal prosecutions in the County. Plaintiff claims that the criminal case against Mallory was dismissed by the Iron County Attorney's Office and that Dotson later acknowledged that this was done without giving Plaintiff notice.[23] As noted in the Court's prior order, a review of the state court docket does not reveal any participation by Dotson in the criminal case. The action was initiated and ultimately dismissed by Deputy County Attorney David Hill.

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."[24] Supervisory status alone does not create § 1983 liability.[25] Rather, there must be "an affirmative link . . . between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise."[26] Plaintiff's conclusory allegations regarding Dotson's role in the criminal case against Mallory are insufficient to establish liability. She merely alleges that Dotson oversaw all criminal prosecutions in the County and later acknowledged the dismissal. This is not enough to state a claim under § 1983.

Even assuming that Dotson played some role in the decision to dismiss the charges against Mallory, he is immune. The Tenth Circuit has held that "a prosecutor's activities related to initiating and pursuing a criminal prosecution and presenting the state's case at trial are

---

[23] Docket No. 33, at 3.

[24] *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997).

[25] *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008).

[26] *Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997) (internal quotation marks and citation omitted).

absolutely immune from liability."[27] This includes the decision to dismiss charges.[28] Plaintiff's allegations relate to the prosecutor's efforts in initiating and pursuing the criminal prosecution in the underlying case and the decision to ultimately dismiss them. Such actions are protected by absolute prosecutorial immunity. In light of this, Plaintiff's claims against Dotson are subject to dismissal and further amendment would be futile.[29]

B.    ADAMS AND TOPHAM

Plaintiff originally alleged that Adams and Topham violated a number of provisions of Utah state law in failing to properly investigate and pursue her claims that Mallory violated the stalking injunction.[30] Turning to the statutes cited by Plaintiff, they do not provide a federal claim.

Plaintiff claims that Defendants failed to comply with Utah's Government Records Access and Management Act ("GRAMA"). However, GRAMA details an administrative appeals process that is followed by a petition for judicial review in Utah state court.[31] Any complaint that Defendants violated the provisions of GRAMA should be addressed through this remedial process.

---

[27] *Glaser v. City & Cnty. of Denv., Colo.*, 557 F. App'x 689, 705 (10th Cir. 2014).

[28] *Joseph v. Yocum*, 53 F. App'x 1, 3 (10th Cir. 2002) (holding that "a prosecutor's decision as to when to dismiss charges is entitled to absolute prosecutorial immunity because it is 'intimately associated with the judicial phase of the criminal process'") (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

[29] It is unclear whether Plaintiff intends to assert her other claims against Dotson. To the extent she does, those claims fail for the reasons discussed below.

[30] Docket No. 1, at 7 (citing Utah Code Ann. §§ 63G-2-101 *et seq.*, 76-8-506, 77-37-3, and 78B-7-119). Plaintiff largely eschewed her reliance on these state law provisions in her Amended Complaint. They are discussed here for the sake of completeness.

[31] Utah Code Ann. § 63G-2-400.5 to -406.

Next, Plaintiff relies on Utah Code Ann. § 76-8-506, which makes it a criminal offense to provide false information to a law enforcement officer. It appears this claim is based on an allegation that in a police report, Topham labeled the conduct as "harassment" instead of a violation of a stalking injunction. This provision does not contain a private right of action but, rather, provides that a violation is a class B misdemeanor.[32] Where, as here, the criminal provision does not provide a private right of action, Utah courts generally decline to recognize one.[33] Therefore, Plaintiff's claim under this provision is subject to dismissal.

Plaintiff's reliance on Utah's Victim Bill of Rights,[34] which Plaintiff contends Defendants have violated, fairs no better. The legislature has made clear that "[t]he failure to provide the rights in . . . Chapter 37, Victims' Rights, shall not constitute cause for a judgment against the state or any government entity, or any individual employed by the state or any government entity, for monetary damages, attorney fees, or the costs of exercising any rights under this chapter."[35] Instead, the proper recourse is to "file a complaint with a victim rights committee."[36]

---

[32] *Id.* § 76-8-506(3).

[33] *Youren v. Tintic Sch. Dist.*, 2004 UT App 33, ¶ 4, 86 P.3d 771 ("When a statute makes certain acts unlawful and provides criminal penalties for such acts, but does not specifically provide for a private right of action, we generally will not create such a private right of action."); *Milliner v. Elmer Fox & Co.*, 529 P.2d 806, 808 (Utah 1974) (refusing to create private right of action where a criminal statute did not provide for private right of action, stating that was "a matter best left to the legislature").

[34] Utah Code Ann. § 77-37-3.

[35] *Id.* § 77-38-11(8).

[36] *Id.* § 77-38-11(1).

Plaintiff also argues that Defendants violated state law in failing to properly enforce the civil stalking injunction.[37] However, the Utah state legislature has declared that "[n]o person or institution may be held criminally or civilly liable for the performance of, or failure to perform, any duty established by this chapter, so long as that person acted in good faith and without malice."[38] There are no non-conclusory allegations of bad faith or malice. Further, there is nothing to suggest that these provisions provide a private right of action. Therefore, to the extent that Plaintiff attempts to bring claims under these provisions, those claims are subject to dismissal. Further amendment of these claims would be futile.

### 2. Due Process

Plaintiff also alleges that Defendants' failure to enforce the civil stalking injunction violates her due process rights. However, the Supreme Court has held that a police officer or department's failure to enforce a protective order cannot be the basis of a federal due process claim.[39] Given this clear Supreme Court precedent, Plaintiff's due process claim fails and further amendment would be futile.

---

[37] *Id.* § 78B-7-119(4) ("A law enforcement officer shall, without a warrant, arrest an alleged perpetrator whenever there is probable cause to believe that the alleged perpetrator has violated . . . a civil stalking injunction.").

[38] *Id.* § 78B-7-113(3).

[39] *See Castle Rock v. Gonzales*, 545 U.S. 748, 766 (2005) (holding that police departments have substantial discretion when enforcing protective orders and that "[i]t is by no means clear that an individual entitlement to enforcement of a restraining order could constitute a 'property' interest for purposes of the Due Process Clause"); *id.* at 768 ("We conclude, therefore, that respondent did not, for purposes of the Due Process Clause, have a property interest in police enforcement of the restraining order against her husband."); *see also DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989) ("As a general matter, then, we conclude that a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."); *Phillips v. Kerns*, 483 F. App'x 400, 402 (10th Cir. 2012) (stating that "the Supreme Court has made clear . . . that there is no right under the Due Process Clause, either procedural or substantive, to have the police enforce a restraining order or to arrest some third party").

In addition, Plaintiff claims that Defendants violated her due process rights in failing to follow the state laws discussed above. However, a "violation of state law cannot give rise to a claim under [S]ection 1983."[40] Therefore, to the extent that Plaintiff's due process claim rests on alleged violations of Utah state law, it fails and further amendment would be futile.

Further, "[f]or state law to create a liberty interest [for purposes of the Due Process clause], it must establish substantive predicates to govern official decisionmaking and mandate an outcome when relevant criteria have been met."[41] "If state law establishes a substantive predicate without mandating an outcome, the law creates nothing more than a right to process which is not a constitutionally cognizable liberty interest."[42] Here, none of the provisions relied upon by Plaintiff mandate an outcome. Rather, they provide considerable discretion in how state officials respond to complaints of stalking. Even the seemingly mandatory provisions governing the enforcement of stalking injunctions[43] do not obviate this discretion.[44]

### 3.   *Equal Protection*

Plaintiff also claims that Defendants violated her equal protection rights by selective enforcement of stalking injunctions. "Although there is no general constitutional right to police

---

[40] *Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1164 (10th Cir. 2003).

[41] *Elwell v. Byers*, 699 F.3d 1208, 1214 (10th Cir. 2012).

[42] *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1200 (10th Cir. 2010); *see also Olim v. Wakinekona*, 461 U.S. 238, 249 (1983) ("If the decisionmaker is not required to base its decisions on objective and defined criteria, but instead can deny the requested relief for any constitutionally permissible reason or for no reason at all, the State has not created a constitutionally protected liberty interest." (internal quotation marks and citations omitted)); *Elwell*, 699 F.3d at 1214 ("[W]hen state law creates a mandatory procedure but does not guarantee a particular substantive outcome, it does not confer a protected liberty interest.").

[43] Utah Code Ann. § 78B-7-119(4).

[44] *See Castle Rock*, 545 U.S. at 760 (concluding that similar provisions of Colorado law did not "truly ma[k]e enforcement of restraining orders mandatory" because "[a] well established tradition of police discretion has long coexisted with apparently mandatory arrest statutes").

protection, the state may not discriminate in providing such protection."[45] "Equal protection is essentially a direction that all persons similarly situated should be treated alike."[46] "[T]o assert a viable equal protection claim, [a] plaintiff[ ] must first make a threshold showing that [she was] treated differently from others who were similarly situated to [her]."[47] Parties are similarly situated if they are alike "in all relevant respects alike."[48]

The Tenth Circuit has "recognized a 'substantial burden' that plaintiffs demonstrate others 'similarly situated in all material respects' were treated differently and that there is no objectively reasonable basis for the defendant's action."[49] "Accordingly, dismissal is proper where a party offers only conclusory allegations that others are similarly situated, without any factual support plausibly suggesting similarities 'in all material respects.'"[50] If Plaintiff can show that she is similarly situated, "she must then demonstrate that the state actor's differential treatment of her cannot pass the appropriate standard of scrutiny."[51]

Plaintiff's initial Complaint failed to detail her equal protection claim. She vaguely alleged that Defendants enforced other injunctions but refused to enforce hers.[52] Recognizing that it was possible that Plaintiff could amend her complaint to address her deficient allegations

---

[45] *Watson v. City of Kan. City, Kan.*, 857 F.2d 690, 694 (10th Cir. 1988).

[46] *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 659 (10th Cir. 2006) (internal quotation marks and citation omitted).

[47] *Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998).

[48] *Coal. for Equal Rts., Inc. v. Ritter*, 517 F.3d 1195, 1199 (10th Cir. 2008) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)).

[49] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1217 (10th Cir. 2011) (quoting *Jicarilla Apache Nation v. Rio Arriba Cnty.*, 440 F.3d 1202, 1212 (10th Cir. 2006)).

[50] *Shifrin v. Toll*, 483 F. App'x 446, 450 (10th Cir. 2012) (quoting *Kan. Penn Gaming, LLC*, 656 F.3d at 1220).

[51] *Dalton v. Reynolds*, 2 F.4th 1300, 1308 (10th Cir. 2021).

[52] Docket No. 1, at 3.

to state a proper claim,[53] Plaintiff was given the opportunity to amend her Complaint to add additional allegations.

Unfortunately, Plaintiff's Amended Complaint contains the same type of conclusory allegations that are insufficient to state a claim. Plaintiff alleges that she "has identified multiple individuals in Cedar City whose stalking and harassment reports were properly investigated and prosecuted when made by other victims."[54] However, Plaintiff fails to include allegations that these individuals are similarly situated in all material respects. Plaintiff goes on to state that the unequal treatment she received "was the result of bias, retaliation, and conflict of interest among the defendants."[55] But again Plaintiff fails to include factual allegations to support this assertion. Further, Plaintiff fails to address potential legitimate, non-discriminatory reasons that might account for the alleged disparate treatment. Without more, Plaintiff fails to state a claim and her equal protection claim is subject to dismissal.

C.   LEAVE TO AMEND

Having concluded that Plaintiff's Amended Complaint is subject to dismissal, the Court considers whether further amendment should be permitted. As Plaintiff did not respond to

---

[53] *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) ("If it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.") (internal quotation marks and citation omitted).

[54] Docket No. 33, at 5.

[55] *Id.* Plaintiff appears to assert a class-of-one claim because she "does not claim that the unequal treatment of her claim was due to her membership in any protected class or racial or gender group." *Jennings v. City of Stillwater*, 383 F.3d 1199, 1210 (10th Cir. 2004). To sufficiently state a class-of-one claim, a plaintiff must allege that others "similarly situated in every material respect were treated differently [and that] this difference in treatment was without rational basis, that is, the government action was irrational and abusive, and wholly unrelated to any legitimate state activity." *Kan. Penn Gaming LLC*, 656 F.3d at 1216 (internal quotation marks and citations omitted).

Defendants' Motions, there is no formal request for leave to amend, which provides a sufficient basis to deny amendment.[56] Nevertheless, the Court explains why further amendment is not recommended.

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[57] However, a court may deny amendment upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[58]

For the majority of Plaintiff's claims, further amendment would be futile for the reasons set forth above. With respect to Plaintiff's equal protection claim, the Court provided specific direction in its prior Report and Recommendation on what was required to state a valid claim.[59] Instead of heeding those instructions, Plaintiff again submitted a Complaint made up of conclusory allegations unsupported by facts. Those conclusory allegations fall well short of what is required to state a plausible equal protection claim.[60] Additionally, by failing to respond to

---

[56] *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186-87 (10th Cir. 1999) (recognizing that a district court need not grant leave to amend when plaintiff fails to make formal motion).

[57] *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (internal quotation omitted).

[58] *Duncan v. Manager, Dep't of Safety, City & County of Denv.*, 397 F.3d 1300, 1315 (10th Cir. 2005).

[59] *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (noting that "a careful judge will explain the pleading's deficiencies so that a [pro se plaintiff] with a meritorious claim can then submit an adequate complaint").

[60] *See Kan. Penn Gaming LLC*, 656 F.3d at 1219 (finding that a party's class-of-one claim did not satisfy the pleadings standards of *Twombly* and *Iqbal* because the plaintiff failed "to set out specific examples of similarly situated individuals and differing treatment"); *see also Glover v. Mabrey*, 384 F. App'x 763, 778 (10th Cir. 2010) ("[Plaintiff] has failed to allege, as it must, the identity or characteristics of other, similarly situated contractors and how those similarly situated contractors were treated differently.").

Defendants' Motions, Plaintiff appears to have abandoned her claims, rendering further amendment futile. Based upon futility and Plaintiff's failure to cure the previously identified deficiencies, it is recommended that no further leave to amend be given and that this action be dismissed with prejudice.

## IV.  CONCLUSION AND RECOMMENDATION

For these reasons, the undersigned recommends that Defendants' Motions to Dismiss (Docket Nos. 38 and 40) be GRANTED and this action be DIMISSSED WITH PREJUDICE.

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 15th day of December, 2025.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge